PHILLIPS *v.* PHILLIPS.

(*Supreme Court, General Term, Second Department.*    May 9, 1892.)

REPLEVIN—TITLE—WEIGHT OF EVIDENCE.
   In replevin involving the title to a chattel, in which the controversy is a mere question of fact, a finding of the justice in accordance with the probabilities of the case will not be disturbed.

Appeal from Dutchess county court.
   Action of replevin by Theodore Phillips against Burten A. Phillips.    From a judgment of the county court, affirming a judgment of a justice of the peace, defendant appeals.    Affirmed.
   Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.
   *Heermance & Arnold,* for appellant.    *Esselstyn & McCarty,* for respondent.

   BARNARD, P. J.    The plaintiff makes a good title to the threshing machine. He purchased it for his brother Sylvester in March, 1884.    The plaintiff gave his note upon a credit of eight months.    The plaintiff then delivered the machine to Sylvester under the arrangement that Sylvester was to own the machine if he paid for it in two years.    In 1889, Sylvester bought the machine of the plaintiff, and gave a chattel mortgage back to him for $65.    Sylvester failed to pay the mortgage, and gave the machine back to the plaintiff in the following year, and the parties passed receipts so that the machine belonged to plaintiff, and the chattel mortgage was paid in full by a surrender of the property for which the mortgage was given.    The defendant makes title to the machine by purchase of Sylvester in 1888.    This was before Sylvester got a title, but the defendant agreed to pay the plaintiff the note given for the machine.    The defendant did not pay this note, and subsequently sold the machine back to Sylvester Phillips in December, 1889.    In August, 1890, the defendant bought the machine back from Sylvester.    The defendant promised the plaintiff to pay the old note given for the machine.    He did not do it. The issue between the parties is thus narrowed down to this:    The plaintiff says that the chattel mortgage was released to Sylvester upon the return of the machine to the plaintiff.    The defendant says that the plaintiff agreed to release the chattel mortgage so that he could get title without actual payment, and so as to enable the defendant to sell a machine he had not paid for.    The justice found the question of fact in accordance with the probabilities of the case.    The judgment should therefore be affirmed, with costs.